IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          v.

KARY ENTERPRISES, INC.,

          Defendant.

06-CR-310-A



### PLEA AGREEMENT

    The defendant, KARY ENTERPRISES, INC., and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

    1.   The defendant agrees to plead guilty to Count 2 of the Indictment which charges a violation of Title 18, United States Code, Section 924(a)(1)(A) (knowingly making false statements and representations with respect to information required to be kept by a Federal Firearm Licensee), for which the maximum sentence is a $500,000 fine, and a mandatory $400 penalty assessment, and a term of probation of 5 years.

## II. ELEMENTS AND FACTUAL BASIS

2. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a. that the defendant, by and through its employees, knowingly made false statements and representations

b. regarding information required by chapter 44 of the United States Code to be kept in the records of Federal Firearm Licensees,

## FACTUAL BASIS

3. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a. On or about dates set out below for each count, in the Western District of New York, the defendant, **KARY ENTERPRISES, INC.**, knowingly and unlawfully made false statements and representations with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of the defendant, **KARY ENTERPRISES, INC.**, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, in that employees, acting on behalf of, and within the scope of the employees' employment with, the defendant, **KARY ENTERPRISES, INC.**, did execute ATF Forms 4473, Firearm Transaction Records, to the effect that a straw purchaser was the actual purchaser and transferee of firearm(s) bought and acquired from the defendant, **KARY ENTERPRISES INC.**, whereas in truth and in fact, the firearm(s) were being purchased and acquired for another individual. Specifically,

b.   On or about August 18, 2003, an employee, Joseph Brucz, acting on behalf of **KARY ENTERPRISES, INC.** transferred a Mossberg, Model 600, 20 gauge shotgun, bearing serial number H850938; an Ithaca, Model 51, 12 gauge shotgun, bearing serial number 510008969; a Remington 870, 12 gauge shotgun, bearing serial number A502129M; a Marlin, model 70, .22 caliber rifle, bearing serial number 6846757; a Remington, model 1148, 16 gauge shotgun, bearing serial number S552786; an Ithaca, model 37, 12 gauge shotgun, bearing serial number M370001976; and a Remington, model Slayer, 12 gauge shotgun, bearing serial number 405439.

c.   On February 6, 2004, an employee, Joseph Brucz, acting on behalf of **KARY ENTERPRISES, INC.** sold a Leinad/Cobray, CM-11 9 mm rifle, bearing serial number 94-0024589.

d.   On February 12, 2004, an employee, Joseph Brucz, acting on behalf of **KARY ENTERPRISES, INC.** transferred a Leinad/Cobray, CM-11 9 mm rifle, bearing serial number 94-0024589.

e.   On February 25, 2004, an employee, Joseph Brucz, acting on behalf of **KARY ENTERPRISES, INC.** sold and transferred an SKS 7.62x39 rifle, bearing serial number 2312991.

f.   On March 4, 2004, an employee, Joseph Brucz, acting on behalf of **KARY ENTERPRISES, INC.** sold and transferred an SKS 7.62x39 rifle, bearing serial number 1711796K.

g.   On March 10, 2004, an employee, Joseph Brucz, acting on behalf of **KARY ENTERPRISES, INC.** sold and transferred a Remington, model 870, 12 gauge shotgun, bearing serial number A584962M.

h.   On April 1, 2004, an employee, Joseph Brucz, acting on behalf of **KARY ENTERPRISES, INC.** sold and transferred a Smith & Wesson, 12 gauge shotgun, Model 1000M, bearing serial number FB42251; and a Ruger Mini 14, .223 caliber rifle, bearing serial number 182-4410.

i.   On June 10, 2004, an employee, Joseph Brucz, acting on behalf of **KARY ENTERPRISES, INC.** sold and transferred an SKS 7.62x39 assault rifle, bearing serial number AB5716.

j.   On July 16, 2004, an employee, Joseph Brucz, acting on behalf of **KARY ENTERPRISES, INC.** sold and transferred Romanian AK-47, 7.62x39 assault rifle, bearing serial

number 1-61944-03; a Lienad/Cobray CM-11, 9mm rifle,
bearing serial number 04-0026908; and a Ruger, model
10/22, .22 caliber rifle, bearing serial number 231-
33347.

### III.   SENTENCING GUIDELINES

4.   The government and the defendant agree that the sentence
will be calculated in accordance with Chapter 8 of the Sentencing
Guidelines Manual, and Part 8C2 thereof, which pertains to the
Sentencing of Organizations.

5.   The government and the defendant agree that pursuant to
Guidelines Sections 8A1.1, 8A1.2 and 8C2.1, the base offense level
is determined by reference to Guidelines Sections 2K2.1(a)(7) and
2K2.1(b)(1)(C).   The base offense level is therefore **18**.

### SPECIFIC OFFENSE CHARACTERISTICS

6.   The defendant and the government agree that Guidelines
Sections  8C2.4(a)(1)  and  8C2.4(d)  prescribe  a  base  fine  of
**$350,000**.

7.   The  defendant  and  the  government  agree  that  the
Culpability Score is determined by Guideline Sections 8C2.5(a), and

8C2.5(g)(3) and since no other aggravating factors in Section 8C2.5 apply, the defendant's total culpability score is therefore **4**.

8.    Pursuant to Guideline Section 8C2.6, the minimum and maximum multipliers corresponding to a culpability score of 4 are a minimum multiplier of .80, and a maximum multiplier of 1.60.

9.   Pursuant to Guideline Section 8C2.7(a), the minimum of the guideline fine range is the product of the base fine ($350,000) and the minimum multiplier (.80).   The minimum of the guideline fine range is therefore **$280,000**.

10.   Pursuant to §8C2.7(b), the maximum of the guideline fine range is the product of the base fine ($350,000) and the maximum multiplier (1.60).   The maximum of the guideline fine range is therefore **$560,000**.   Accordingly, the guideline fine range is **$280,000** to **$560,000**.

11.   It is the understanding of the government and the defendant that, defendant's sentencing range would be a fine of $280,000 to $560,000, and a period of probation of 1 to 5 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

12. The government and the defendant agree to correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.   **STATUTE OF LIMITATIONS**

14. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the knowingly making false statements and representations with respect to information required to be kept by

a Federal Firearm Licensee and the unlawful transfer of firearms,
which is not time barred as of the date of this agreement.  This
waiver shall be effective for a period of six months following the
date upon which the withdrawal of the guilty plea] or vacating of
the conviction becomes final.


## V.  <u>GOVERNMENT RIGHTS AND RESERVATIONS</u>


15.  At sentencing, the government agrees to take no position
as to the specific sentence within the Guidelines range determined
by the Court.


16.  The defendant understands that the government has
reserved the right to:

    a.    provide to the Probation Office and the Court all
the information and evidence in its possession that
the government deems relevant concerning the
defendant's background, character and involvement
in the offense charged, the circumstances
surrounding the charge and the defendant's criminal
history;

    b.    respond at sentencing to any statements made by the
defendant or on the defendant's behalf that are
inconsistent with the information and evidence
available to the government;

    c.    modify its position with respect to any sentencing
recommendation or sentencing factor under the
Guidelines, in the event that subsequent to this
agreement the government receives previously

unknown information regarding the recommendation or factor.

17.   At sentencing, the government will move to dismiss the open counts of the Indictment in this action relating to the defendant corporation.

## VI.   **APPEAL RIGHTS**

18.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for a fine and probation set forth in Section III, ¶ **12**, above, notwithstanding the manner in which the Court determines the sentence.   In the event of an appeal of the defendant's sentence by the government, the defendant reserves its right to argue the correctness of the defendant's sentence.

19.   The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in

the law which the defendant believes would justify a decrease in the defendant's sentence.

20.   The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for a fine and probation set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence.   However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   **FEDERAL FIREARMS LICENSING**

21.   The defendant acknowledges that, upon the Court accepting a plea of guilty, the defendant shall become ineligible for licensing pursuant to the provisions of 18 U.S.C. §§ 922(g)(1) and 923(d)(1)(B).   The defendant also acknowledges that the admissions contained herein would serve as a basis for denial of an application for a federal firearms license as prior willful violations pursuant to 18 U.S.C. § 923(d)(1)(C).   Accordingly, the defendant hereby agrees that it shall not apply for a license issued pursuant to the provisions of Title 18, United States Code,

Chapter 44, nor shall it have any ownership interest in any entity applying for or holding such a license.

22.   The defendant, **KARY ENTERPRISES INC.**, also acknowledges that STEFAN KARY, a/k/a Stefan Karyczak as principal owner and shareholder of the defendant, and its employees could be held responsible for the actions of the defendant and its employees in any civil proceeding held pursuant to 18 U.S.C. § 923(f), and that the admissions of the defendant contained herein may serve as a basis to deny any application submitted by ~~the defendant~~, STEFAN KARY, a/k/a Stefan Karyczak, or its employess, for a federal firearms license as prior willful violations pursuant to 18 U.S.C. § 923(d)(1)(C).


## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS


23.   This plea agreement represents the total agreement between the defendant, KARY ENTERPRISES, INC., and the government. There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior

agreements, written or oral, entered into between the government
and the defendant.

KATHLEEN M. MEHLTRETTER
Acting United States Attorney
Western District of New York

BY: _____
    JOEL LOUIS VIOLANTI
    Assistant U.S. Attorney

    Dated: March 2 , 2009

I have read this agreement, which consists of 12 pages. I have had a full opportunity to discuss this agreement with my attorney, Thomas D'Agostino, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

KARY ENTERPRISES, INC.
Defendant
By: Stefan Kary, President

THOMAS D'AGOSTINO, ESQ.
Attorney for the Defendant

Dated: March 2, 2009

Dated: March 2, 2009

The corporate defendant, KARY ENTERPRISES, INC., by its attorney, Thomas D'Agostino, Esq. and by a vote of the Board of Directors, a copy of which resolution is attached hereto and marked Exhibit A, hereby agrees to all the terms of this agreement. Furthermore, the defendant, KARY ENTERPRISES, INC., acknowledges that all the terms of this agreement, which consists of 13 pages, have been explained to the Board of Directors. The corporation has had a full opportunity to discuss this agreement with its attorney, Thomas D'Agostino, Esq. The corporation states that it represents the total agreement reached between itself and the government. No promises or representations have been made to the corporation or any representative of the corporation other than what is contained in this agreement. The corporation fully agrees with the contents of this agreement. The corporation is signing this agreement voluntarily.

_____
KARY ENTERPRISES, INC.
Defendant
By:  STEFAN KARY, President

_____
THOMAS D'AGOSTINO, ESQ.
Attorney for Defendant Corporation

Dated: March 2, 2009

Dated: March 2, 2009

## SECRETARY'S CERTIFICATE

I, Stefan Kary, a/k/a Stefan Karyczak, the duly elected Secretary of Kary Enterprises Inc., a corporation organized under the laws of the State of New York, with its principal offices in Buffalo, New York, do hereby certify that the following is a true and complete copy of a resolution passed at a meeting of the Board of Directors of the Corporation, at which a quorum was present and voting throughout, duly called and held on *February 24*, 2009:

**RESOLVED,** that Stefan Kary, a/k/a Stefan Karyczak President or Thomas C. D'Agostino, Attorney for the Corporation, is hereby authorized to enter into a Plea Agreement, and enter a plea of guilty to Count 2 of Indictment 06-CR-310-A and execute any necessary Waivers, consistent with the terms of the documents which are related to this resolution (Plea Agreement and Indictment), and it is further

**RESOLVED,** that Stefan Kary, a/k/a Stefan Karyczak President or Thomas C. D'Agostino, Attorney for the Corporation, is authorized to execute any additional documents on behalf of the Corporation, which must be executed in order to finalize and/or carry out the terms of the Plea Agreement, and it is further

**RESOLVED,** that Stefan Kary, a/k/a Stefan Karyczak President or Thomas C. D'Agostino, Attorney for the Corporation, is authorized to submit to the Court, any additional data, including a current financial statement, as may be required by the Court, as a condition of acceptance of the Plea Agreement.

**IN** WITNESS WHEREOF, the undersigned has hereto set his hand and the seal of the Company this *24* day of *February*, 2009.

_____
Stefan Kary, a/k/a Stefan Karyczak,

President

### UNANIMOUS WRITTEN CONSENT
### OF
### BOARD OF DIRECTORS
### OF
### Kary Enterprises Inc.

The Board has had an opportunity to review the written Plea
Agreement anticipating a plea to Count 2 of Indictment 06-CR-310-A
charging a violation of Title 18, United States Code, Section
924(a)(1)(A) (making of false statements on ATF 4473 forms. The
Board has been kept apprized of all issues in connection with the
matter entitled "United States of America v. KARY ENTERPRISES INC.
The Board has carefully considered all of the relevant issues, and
has had an opportunity to consult with Thomas D'Augustino, counsel
retained for purposes of representing the corporation in
connection with this matter.

WHEREAS, Stefan Kary, a/k/a Stefan Karyczak, is the sole
shareholder, director and officer of Kary Enterprises, Inc. (the
"Corporation");

WHEREAS, the Board of Directors has reviewed the proposed Plea
Agreement and Indictment, in connection with a resolution and
final settlement of the above-described matter; and

WHEREAS, the Board of Directors has been fully apprized of the
potential benefits and detriments involved in entering into such
a Plea Agreement and plea of guilty;

The undersigned, being all of the directors of the Corporation, hereby adopts the following resolutions by written consent pursuant to Section 708(b) of the Business Corporation Law:

RESOLVED:  That, Thomas C. D'Agostino, Attorney for the Corporation is hereby authorized to enter into the Plea Agreement, and enter a plea of guilty to Count 2 of Indictment 06-CR-310-A and execute any necessary Waivers, consistent with the terms of the documents which are attached to this resolution.

RESOLVED:  That, Stefan Kary, a/k/a Stefan Karyczak President or Thomas C. D'Agostino, Attorney for the Corporation, is authorized to execute any additional documents on behalf of the Corporation, which must be executed in order to finalize and/or carry out the terms of the Plea Agreement.

RESOLVED:  That, Stefan Kary, a/k/a Stefan Karyczak President or Thomas C. D'Agostino, Attorney for the Corporation, is authorized to submit to the Court, any additional data, including a current financial statement, as may be required by the Court, as a condition of acceptance of the Plea Agreement.

IN WITNESS WHEREOF, I have signed this instrument and direct that it be filed with the minutes of the proceedings of the Board of Directors.

Dated:     Buffalo, New York, March  2ⁿᵈ , 2009

Stefan Kary, a/k/a Stefan Karyczak
President